AUTOPSY REGULATIONS
There are no statutory provisions authorizing the federal courts to require the Office of the State Medical Examiner to perform autopsies upon persons whose deaths occur upon federal reservations. Pursuant to 63 O.S. 944 [63-944] and 63 O.S. 946 [63-946] (1971), the State Medical Examiner or his designated deputy, a county medical examiner, a District Attorney, or a District Judge may require an autopsy to be performed out of state. Any such autopsy would have to comply with the requirements of the state in which the autopsy is to be performed. When an autopsy is performed out of state pursuant to authorization of a District Attorney, the pathologist performing the autopsy is to be paid by the Board of Unexplained Deaths if the pathologist is the State Medical Examiner or someone designated by him. If the autopsy is not performed by the State Medical Examiner or someone designated by him, the District Attorney must provide funds for any such service. The Attorney General has considered your opinion request wherein you asked, in effect, the following questions: 1. What jurisdiction does the federal court exert in ordering the Office of the State Medical Examiner to perform autopsies upon persons whose death occur upon federal reservations, such as federal prisons? 2. In regard to deaths occurring outside the State of Oklahoma in which the injury apparently producing the death occurred in Oklahoma, who has the authority to order autopsies upon these bodies? 3. In such deaths occurring outside the State of Oklahoma, if an autopsy is ordered by a district attorney, who bears the responsibility of paying the pathologist who performs the autopsy? In regard to your first question, Title 63 O.S. 944 [63-944] (1971) of the Unexplained Death Act provides in part: "When necessary in connection with an investigation to determine the cause of death and when in the opinion of such official the public interest requires it, the State Medical Examiner or his designated deputy or a county medical examiner or a District Attorney may require and authorize an autopsy to be conducted. In determining whether the public interest requires an autopsy the medical examiner or District Attorney involved shall take into account but shall not be bound by request therefor from private persons or from other public officials. Nothing in this Act shall be construed to require an investigation, autopsy, or inquest in any case where death occurred without medical attendance solely because the deceased was under treatment by prayer or spiritual means alone in accordance with the tenets and practices of a well recognized church or religious denomination." As stated in Section 944, the State Medical Examiner or District Attorney is not bound by request from other public officials in determining whether the public interest requires an autopsy. A review of the statutes reveals no provisions authorizing the federal courts to require the office of the State Medical Examiner to perform autopsies upon persons whose deaths occur upon federal reservations. In answer to your second question, Section 64 O.S. 944 [64-944] provides that the State Medical Examiner or his designated deputy, a county medical examiner, or a District Attorney may require and authorize an autopsy to be conducted. Section 63 O.S. 946 [63-946] of the Act provides in part: "If death occurred under circumstances as enumerated in Section 8 hereof and if the body has been buried without proper certification of death, it shall be the duty of the county examiner, upon ascertaining such facts, to notify the county attorney of the county in which the body was buried, and the county attorney shall thereupon present such facts to the judge of the district court of such county, and the judge may by written order require the body to be exhumed and an autopsy performed by the State Medical Examiner or his designated deputy. A full and complete report of the facts developed by such autopsy and the findings of the person making the same shall be filed without unnecessary delay and a copy given to the county attorney of the county within which the death occurred or the body buried." There being no provision in the Unexplained Death Act relating to the performing of autopsies out of state, Sections 944 and 946 would be determinative of who is authorized to order autopsies performed out of state. Any such autopsy would have to comply with the requirements of the state in which the autopsy is to be performed. In answer to your third question, 63 O.S. 945 [63-945] (1971), provides in part: "When properly authorized, an autopsy shall be made by the State Medical Examiner or such person as may be designated by him for such purpose." Section 63 O.S. 948 [63-948], provides: "For each investigation or partial investigation in which the county examiner was relieved by the State Medical Examiner or his designated deputy, the county examiner shall receive compensation for his services as provided in the rules and regulations approved and promulgated by the State Board of Unexplained Deaths. Claims for such fees shall be filed on proper forms and shall be payable from funds appropriated to the Board of Unexplained Deaths. Where, in the opinion of the State Medical Examiner, it is advisable to designate another pathologist to perform the autopsy, this pathologist shall be entitled to a reasonable fee. Claims for such fees shall be filed on proper forms and shall be payable from funds appropriated to the Board of Unexplained Deaths." When a District Attorney orders an autopsy to be performed out of state, as long as the pathologist performing the autopsy is the State Medical Examiner or someone designated by him, the Board of Unexplained Deaths is responsible for the payment of fees as provided in Section 948. If the autopsy is not performed by the State Medical Examiner or someone designated by him, the Board of Unexplained Deaths is not responsible for the payment of his fee and the District Attorney must provide funds for any such service. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: There is no statutory authority authorizing the federal courts to require the office of the State Medical Examiner to perform autopsies upon persons whose deaths occur upon federal reservations. It is the opinion of the Attorney General that your second question be answered as follows: The State Medical Examiner or his designated deputy, a county medical examiner, a District Attorney, or a District Judge may require an autopsy to be performed out of state. Any such autopsy would have to comply with the requirements of the state in which the autopsy is to be performed. It is the opinion of the Attorney General that your question be answered as follows: When an autopsy is performed out of state pursuant to authorization of a District Attorney, the pathologist performing the autopsy is to be paid by the Board of Unexplained Deaths if the pathologist is the State Medical Examiner or someone designated by him. If the autopsy is not performed by the State Medical Examiner or someone designated by him, the District Attorney must provide funds for any such service. (Mike Martin)